UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Francis Anyokorit Masika, and Frederick Jones, | ) ) ) | C/A No. 5:17-cv-02102-JMC-KDW |
|---|---|---|
| Plaintiffs,[1] | ) ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| Sheriff Lee Foster; Newberry County Jail, and MCO McClanahan, | ) ) ) ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

---

[1] Although Frederick Jones is listed as a Plaintiff in the caption of the Complaint, he did not sign the pleading and he did not submit a filing fee or motion for leave to proceed *in forma pauperis*. As a result, Jones is not a proper party to this case and is listed in the caption of this Report for informational purposes only because his name appears on the pleading and docket. In any event, this court does not permit prisoners to appear as joint plaintiffs in light of the administrative-exhaustion and filing fee-payment requirements of the Prison Litigation Reform Act (PLRA). *See, e.g.*, *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001); Order, ECF No. 9 in *Goins v. S.C. Dep't of Corr.*, No. 4:12-1924-CMC-TER (D.S.C. Aug. 3, 2012); Order, ECF No. 5 in *Stepney v. Leeke*, No. 1:12-1463-JMC-SVH (D.S.C. June 11, 2012); Order, ECF No. 10 in *Blakely v. Hallman*, No. 5:12-1289-TMC-KDW (D.S.C. May 30, 2012); Order, ECF No. 7 in *Northrop v. Major*, No. 8:10-2580-RMG-BHH (D.S.C. Oct. 25, 2010). **Because Jones did not sign the Complaint, he is not a party to this case. However, to the extent that he may be considered a party, no plausible claims are stated by him for the same reasons stated in relation to Plaintiff Masika.** All references to "Plaintiff" herein are to Plaintiff Masika.

I. Factual Background

Francis Anykorit Masika ("Plaintiff") is a detainee at the Newberry County Detention Center (NCDC). He alleges that Defendant McClanahan has opened his legal mail several times outside of his presence. Compl. 4-6, ECF No. 1. According to Plaintiff, this occurred four times during June 2017 and one time in July 2017 "and other prior dates." *Id*. at 5. Plaintiff does not allege that he suffered any injury to his ability to communicate with counsel or with any court. Rather, he asserts only that his "legal information [was] compromised" and that his "right to privacy (legal)" was abused. *Id*. at 6. Plaintiff requests injunctive relief and $1.00 in punitive damages. *Id*.

II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the PLRA, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d

630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

As an initial matter, it is settled that initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 570 (2007)] and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570 (citations omitted); *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248, 253-54 (4th Cir. 2005) (pro se pleading dismissal affirmed where insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a

3

cause of action. *Twombly*, 550 U.S. at 555; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (examining sufficiency of factual allegations under *Iqbal* standards). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Thus, any litigant, including a pro se litigant like Plaintiff, must provide sufficient factual allegations supporting each element of the kind of legal claim he seeks to pursue in this court to allow this court to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id.*; *see Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (a plaintiff must allege facts that support each element of the claim advanced); *Leblow v. BAC Home Loans Servicing, LP*, No. 1:12-CV-00246-MR-DLH, 2013 WL 2317726, at *3 (W.D.N.C. May 28, 2013) (same).

Plaintiff's allegations fail to state a plausible claim under the First Amendment (access to court) or Sixth Amendment (right to counsel) because Plaintiff admits that he suffered no injury from Defendant McClanahan's activities relative to his legal mail.[2] Also, the facts alleged do not satisfy the actual-injury element of such causes of action. Applicable law requires there to be an allegation of an actual injury such as interference with communications with counsel or a court or loss of an ability to litigate to state a plausible constitutional claim arising from mail tampering. *See, e.g.*, *Carter v. Hutto*, 781 F.2d 1028, 1031-32 (4th Cir. 1986) (holding a cause of

---

[2] Plaintiff does not indicate which, if any, constitutional provisions he is relying on for his assertions of a "right to privacy" in his legal mail. Courts have analyzed such claims under either the First Amendment (access to courts) or Sixth Amendment (right to counsel). *See, e.g.*, *Woltz v. Nash*, No. 5:11-cv-00058, 2012 WL 314173, at * 2 (S.D.W. Va. Feb. 1, 2012); *Salinas v. Dillman*, No. 7:08cv00268, 2008 WL 1743865, at *4 (W.D. Va. April 15, 2008); *Lockley v. Albemarle Charlottesville Reg'l Jail*, No. 7:06CV00081, 2006 WL 1540975, at * 1 (W.D. Va. May 30, 2006). The Privacy Act, 5 U.S.C. §§ 552-59, is not applicable in this case because it applies only to federal agencies.

action for destruction of legal mail requires allegations of important or irreplaceable nature of the mail in question and detriment suffered by the ensuing deprivation of meaningful access to the courts); *Chase v. O'Malley*, 466 F. App'x 185, 187 (4th Cir. 2012) (inmate must allege "actual injury or specific harm" to "establish a claim" for destruction of legal mail); *Tuck v. Stanbeck*, No. 3:14CV830-HEH, 2015 WL 5916182, at *3 (E.D. Va. Oct. 8, 2015) (same; opening mail outside presence of prisoner); *Ward v. Plymale,* No. 3:12-06186, 2013 WL 6164277, at * 11 (S.D.W. Va. Nov. 25, 2013) (same; tampering with mail); *Muhammad v. GEO Care*, No. 3:12-1196-MGL-JRM, 2012 WL 4378173, at *2 n.3 (D.S.C. Aug. 24, 2012 ) (same; tampering with mail). To show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Moreover, contrary to Plaintiff's assertion, "a few instances of opening legal mail outside of the presence of the inmate does not indicate a constitutional violation." *Wise v. Samuels*, No. 2:12cv96, 2014 WL 1280975, at *3 (E.D. Va. Mar. 26, 2014) (citing *Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983)); *see Davis v. Goord*, 320 F.3d 346, 351-52 (2d Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997). In absence of the necessary factual basis for a plausible mail-tampering claim, Plaintiff's Complaint should be summarily dismissed.

Additionally, even if Plaintiff had presented adequate facts to state a plausible claim against Defendant McClanahan for opening his legal mail, his Complaint would still be subject to partial summary dismissal as to Defendant Sheriff Foster because there are no allegations against Defendant Foster. Without allegations against Defendant Foster, there can be no finding that he was personally involved in the alleged mail tampering or that he had personal knowledge of Defendant McClanahan's actions. To state a plausible § 1983 claim against any particular

public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166.

Furthermore, there are no allegations from which this court could apply the doctrine of vicarious liability against Defendant Foster to hold him legally responsible for Defendant McClanahan's actions. Thus, even if a plausible claim were stated against Defendant McClanahan, the Complaint would still be subject to partial summary dismissal as to Defendant Foster. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Defendant Foster may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the

supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, 539 F. App'x 78, 81 (4th Cir. 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983). The *Slaken* exception is not adequately pled in this case because there are no allegations of any personal knowledge (or even subjective knowledge) on Defendant Foster's part of the problems that Plaintiff alleges he has been having with Defendant McClanahan opening his legal mail. Thus, regardless of how pervasive the alleged problems at NCDC might be, Defendant Foster cannot be found liable for them simply based on his job as the overall supervisor at NCDC.

Finally, Defendant NCDC is not a proper Defendant in this case because it is a building or group of buildings and, therefore, not a person. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit

7

under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, even if Plaintiff had alleged a plausible constitutional claim—which he has not as stated previously—the Complaint would still be subject to partial summary dismissal as to NCDC.

IV. Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 31, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).